## D. P. THOMPSON, RESPONDENT, v. A. WOLF, APPELLANT.

PLEADINGS—COMPLAINT IN EJECTMENT.—In an action of ejectment the plaintiff must set forth the nature of the estate which he has and the premises claimed, and when he omits to do so his action will be regarded as one brought under the forcible entry and detainer act.

JURISDICTION — CIRCUIT COURT — ACTIONS OF FORCIBLE ENTRY AND DETAINER.—In actions of forcible entry and detainer the justices' courts have jurisdiction to the exclusion of the circuit courts.

APPEAL from Washington County.

The facts are stated in the opinion of the court.

*W. W. Page, Geo. W. Yocum and T. B. Handley*, for appellant:

At common law there was no remedy given for the forcible entry upon, or unlawful detention of real property; such remedy is purely the creature of statute, and in derogation of the common law; and no principle is better settled, or more wholesome, than that where extraordinary powers are conferred, or summary proceedings are authorized, all the steps and proceedings required must be strictly pursued to give jurisdiction, or the whole proceedings will be void. (Sedg. on Stats. and Const. Law, 347; 12 Cal. 500; *Moore* v. *Goslin*, 5 Cal. 266; 8 Cal. 499; 9 Id. 572.) The circuit court is invested with judicial powers which must " be defined, limited and regulated by law." (Const. art. 7, sec. 1.)

And when judicial power is not given exclusively to some other court by law consistent with the constitution, then it belongs to the circuit court, and it shall have appellate jurisdiction, and supervisory control over county courts, and all other inferior courts. (Const. art. 7, sec. 9.) By the provision of section 2, chapter 23, general laws, justices of the peace are invested with jurisdiction in actions for a forcible entry upon, or an unlawful detainer of real property, and by the numerous provisions of the statute the mode and manner of the exercise of such power, summary in its nature and complete of itself, is pointed out, and the right of appeal is given to circuit courts, which " defines,

limits and regulates " the power of the circuit courts in such class of cases. " *Expressio unius est exclusio alterius.*"

The constitution of Iowa is similar to our own, concerning the organization of courts, and its laws concerning actions of this nature are so likewise. (Const. Iowa, art. 5, secs. 1, 6; *Dick* v. *Hatch*, 10 Iowa, 380; 1 Id. 492.)

*Catlin & Killen,* for respondent:

Section 9, article 7, of the constitution, provides that "all judicial power, authority and jurisdiction not vested by this constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts." It is claimed that these actions are withdrawn from the jurisdiction of the circuit court by section 468 of the civil code, which is as follows: "The county court has jurisdiction, but not exclusive, of actions at law, * * * where the claim or subject of the controversy does not exceed the value of five hundred dollars, and exclusive jurisdiction of actions for forcible entry and detainer, without reference to the value of the property."

From the reading of this section it is evident that the civil action for forcible entry and detainer could not have been intended by the legislature, as the words of the first part of it are careful not to confer exclusive jurisdiction in civil matters, even when the amount or value should be less than five hundred dollars. It cannot be claimed that by actions at law, is meant merely actions for the recovery of money, as the words, "where the claim or subject of the controversy does not exceed the value of five hundred dollars," clearly cover all actions at law. If the latter clause was intended to include civil actions for forcible entry and detainer, the prior portion of the section is rendered utterly meaningless, and the clauses are repugnant, and cannot both stand; but by construing the latter clause to refer to the common law criminal action, the section is rendered harmonious and intelligible, and it is correct, in construing statutes, to give the words the force and effect they had at common law. (1 Russ. on Crimes, 310; 1 Black. 358.)

But, if by the latter clause, our civil action for forcible entry and detainer (which was given in 1866, four years after the enactment of section 468,) was intended the jurisdiction could not be exclusive, or conferred upon the county court, when the subject-matter is of greater value than five hundred dollars. The only jurisdiction which the county court has in civil matters is conferred by section 12, art. 7, of the constitution, which is as follows: "The county court shall have  *  *  *  such civil jurisdiction not exceeding the amount of value of five hundred dollars,  *  *  *  as may be prescribed by law.

All jurisdiction is presumed to be in the circuit court. It does not appear by this transcript that the value of this farm, or even the possession of it for one year, is less than five hundred dollars, or out of the jurisdiction of the circuit court, even if the county court has exclusive jurisdiction where the value is less than five hundred dollars.

There was ejectment against the tenant before the forcible entry and detainer act. (Civ. Code. secs. 313, 325.)

Tenants at will are not entitled to notice to quit. (2 Caine's cases, 314.) The action against the tenant is not prejudiced by the forcible entry and detainer act of 1866. (Mis. Laws, chap. 23.)

By the Court, McARTHUR, J.:

This action was begun in the circuit court for Washington county. From the complaint it appears that the respondent's grantor on May 20, 1874, "leased and let" to the appellant "as tenant at will or by sufferance" a certain parcel of land in Washington county. Thereafter the land was conveyed to respondent, and on February 16, 1877, he served appellant with notice to quit. The prayer is for judgment against appellant "for possession and restitution of the possession" of the premises. It is unnecessary to allude to the pleadings subsequent to the complaint, or to any other paper filed in the cause except the motion of appellant to dismiss for want of jurisdiction, which was argued, submitted and denied before the trial.

Two questions arise upon this record. The first is, what

is the character of the action? It cannot be regarded as an action of ejectment. In that action it is necessary that the plaintiff set forth the nature of his estate in the property, whether it be in fee, for life or for a term of years (Civil Code, sec. 315), thereby enabling the courts to settle the question of title which is the great end of the action of ejectment with us. The complaint herein is entirely silent as to the nature of the respondent's estate, the recovery of the mere possession of the premises being all that is sought. Therefore we are of opinion that this must be regarded as an action brought under the forcible entry and detainer act. (Mis. Laws, chap. 23.)

Counsel contended that the complaint is sufficient both in ejectment and in forcible entry and detainer. This is incorrect. To be sufficient in ejectment it would have to tender an issue as to title, and would thereby be insufficient in forcible entry and detainer, because the statute expressly forbids inquiry into questions of title in such actions. (Mis. Laws, chap. 23, sec. 16.) It is sufficient in forcible entry and detainer, and consequently is insufficient in ejectment; for in that action, as has already been said, an issue must be tendered as to title. (Civ. Code, sec. 315.)

The second question is: Has the circuit court jurisdiction in the first instance of actions of forcible entry and detainer? By the act of October 11, 1862 (Civil Code, sec. 868), the county courts were invested with exclusive jurisdiction of actions of forcible entry and detainer, without reference to the value of the property. The act of October 21, 1864 (compilation of 1864, p. 743), simply sets forth the method of proceeding in such actions, and provided for notice to quit in certain enumerated cases. It named no court in which the action should be begun. The last act on this subject is that of October 21, 1866 (Mis. Laws, chap. 23). It expressly repealed the act of 1864. The remedy provided by the last act is summary and *quasi* criminal. Section 2 provides that "the person entitled to the premises may maintain an action to recover possession thereof, before any justice of the peace of the county in which such real property is situated." By section 8, the

verdict must be guilty or not guilty. By section 10, an appeal is allowed and must be taken to the circuit court. (Justices' Code, sections 68 and 109.) By section 16 it is expressly provided that "the merits of the title shall not be inquired into." Taking the whole act together, we can reach no other conclusion than that it was the intention of the legislature to give the justices' courts jurisdiction to the exclusion of the circuit courts.

What effect the act of October 21, 1868, had upon section 868 of the civil code, by which section exclusive jurisdiction is given to the county courts in actions of forcible entry and detainer, we do not feel called upon to decide in this case. If that section was repealed by implication, the the circuit court did not have jurisdiction in the first instance, and the same conclusion must be reached if the act of 1866 is simply regarded as conferring jurisdiction on justices' courts, without taking away the jurisdiction of the county courts, thereby increasing the number of tribunals in which actions of forcible entry and detainer can be instituted.

Judgment reversed. _____