[Filed December 1, 1891.]

## WILLIAM JOHNSON v. SUSAN CROOKSHANKS.

EJECTMENT—PLEADING—WAIVER OF DEFECTS.— In an action of ejectment an allegation in the complaint that plaintiff is the owner of the land sought to be recovered, sufficiently describes the nature of the plaintiff's estate to give the court jurisdiction and to sustain the action, in the absence of a demurrer or other attack upon the complaint before an answer to the merits.

Clackamas county: FRANK J. TAYLOR, Judge.

Defendant appeals. Affirmed.

*C. D. & D. C. Latourette,* for Appellant.

*McBride & Dresser,* for Respondent.

BEAN, J.—This is an action of ejectment. The complaint alleges: "That the plaintiff is the owner and entitled to the possession" of the demanded premises. The defendant answered, denying plaintiff's ownership and

right to the possession, and set up title in herself and the statute of limitation by way of defense. After issue joined, and before trial, defendant moved to dismiss the action upon the ground that the complaint did not contain a sufficient allegation of title to give the court jurisdiction. The overruling of this motion is the only error assigned on this appeal.

In an action to recover the possession of the real property, the plaintiff must have a legal estate in the property sought to be recovered and a present right to the possession thereof, and his complaint must tender an issue as to the title. (Hill's Code, § 316; *Thompson v. Wolf*, 6 Or. 308.) By section 318, Hill's Code, it is provided that plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years, and for whose life, or the duration of such term; and it has been held that when he omits to do so, his action will be regarded as one brought under the forcible entry and detainer act. (*Thompson v. Wolf, supra.*) But it does not follow because the complaint is defective in not particularly setting out the nature of plaintiff's estate, that it does not contain facts sufficient to give the court jurisdiction. There is a marked difference between a defective statement and a total omission to state some fact which is material to plaintiff's cause of action.

The complaint in the case at bar, alleges that plaintiff is the owner of the property sought to be recovered. This is undoubtedly an allegation of title in the plaintiff. The word owner has a definite meaning, and is one who has dominion over a thing, which he may use as he pleases, except as restrained by law or by an agreement. (Anderson's Law Dict., title, Owner.) The precise meaning perhaps depends upon the nature of the subject matter and the connection in which it is used; but when applied to real estate, without any qualifying words in common as well as legal parlance, it *prima facie* means an owner in fee. (*Leprell v. Kleinschmidt*, 112 N. Y. 364; *Ill. Mutual*

Points decided.

*Fire Ins. Co.* v. *Marseilles Mfg. Co.* 1 Gilm. 236; *Jarrot* v. *Vaughn,* 2 Gilm. 132; *Hadlock* v. *Hadlock,* 22 Ill. 384.)

The complaint in this case is no doubt defective in matter of form, in not stating the nature of plaintiff's estate; but it does not follow that no cause of action is made out by the facts stated. The defect should have been taken advantage of by some appropriate proceeding before answering. Issue was taken upon the facts as alleged in the complaint by the answer and new matter set up by way of defense, and this operated as a waiver of the defects in the complaint. (*Clark v. Crego,* 47 Barb. 599; S. C. affirmed, 51 N. Y. 646.)

The judgment of the court below is therefore affirmed.