THE PEOPLE *ex rel.* William H. Guthrie *et al.*

*v.*

H. C. BARNES *et al.*

*Opinion filed December 18, 1901.*

1. DRAINAGE—*owner of life estate in possession may be named as owner of the land.* Section 11 of the Drainage act of 1885, providing that the names of the owners of the several tracts shall be given "so far as known," is complied with sufficiently to give the commissioners jurisdiction over a twenty-acre tract by naming as owner the life tenant who was in possession claiming ownership, and who had paid the taxes for several years and had stated to one of the commissioners that she was the owner.

2. SAME—*drainage commissioners not charged with such facts relating to ownership as diligent inquiry would disclose.* The rule that purchasers of land, having notice of such facts and circumstances concerning ownership of the land as would put them on inquiry are charged with notice of such facts as diligent inquiry would disclose, has no application to the naming of the owners of land by drainage commissioners, "so far as known" to them, when organizing a district under section 11 of the Drainage act of 1885.

3. SAME—*when designation of owners of land is sufficient.* Allegations of a petition for the organization of a drainage district under section 11 of the Drainage act of 1885, that the "Joseph Drehr Hrs." and the "Jos. McKinney Hrs." were the owners of certain tracts, so far as known to the petitioners, are sufficient to give the commissioners jurisdiction.

APPEAL from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

LANE & COOPER, for appellants.

JAMES M. TAYLOR, and ZINK, JETT & KINDER, for appellees.

Per CURIAM: This is a proceeding by .quo warranto to oust the defendants, who were the commissioners of highways of the town of Harvel in Montgomery county and ex officio drainage commissioners of said town, from the office of drainage commissioners of district No. 2 of the town of Harvel in said county, and to dissolve said district.

Two pleas were filed to the information. Each of these pleas was demurred to. The demurrer to the first plea was overruled, and the demurrer to the second plea was sustained. The appellants filed three replications to the first plea. The appellees filed a rejoinder to the first replication. Upon this rejoinder issue was joined, and a trial by jury was had.

To the second replication appellees filed two rejoinders; and they also filed two rejoinders to the third replication. To the four rejoinders, thus filed to the second and third replications, the appellants filed both general and special demurrers. These demurrers were overruled, and the relators below, the appellants here, elected to stand by the demurrers to the second, third, fourth and fifth rejoinders.

A trial was had upon the issue taken on the rejoinder to the first replication; and the jury found in favor of the defendants below, the appellees here, and the court gave judgment against appellants, the relators below, for costs, and dismissed the information. The present appeal is prosecuted from this judgment.

The pleadings are long and involved, and need not be here set forth at length. The information alleges, that the drainage district in question was organized by the filing, on June 14, 1899, by Edward Zimmerman and Rachel Farenholtz of a petition with the town clerk of said town, praying for the organization of a drainage district, lying wholly within said town, in accordance with the provisions of section 11 of the Drainage act of June 27, 1885; (Hurd's Stat. 1899, p. 689); that, among the

lands, included in the proposed district, was the east half of the south-east quarter of the south-east quarter of section 19, township 11, range 4, west of the third principal meridian; that, when the petition was filed and notice given by the clerk, said land (being twenty acres) was and is now owned in fee by certain persons, who were heirs of one Herman Poggenpohl, deceased, subject to a life estate therein in Regina Poggenpohl, the widow of said Herman, who had died prior to the filing of the petition, leaving said widow and heirs; that said Herman by his will had devised to the said Regina a life estate without disposing of the fee therein, which, under the law, descended to the said heirs as intestate property.

The material allegation of the information is, that, in the petition for the organization of the district, Regina Poggenpohl is mentioned as being the owner of the said premises, and that the names of the said heirs, who are tenants in common and own the remainder subject to her life estate, were omitted from both the petition and the notice. The first plea is a plea of justification, setting up the various steps taken by the appellees in the organization of the district, averring, among other things, that the petition for organization contained a description of the district by giving the boundaries thereof, and also the names and post-office addresses of the owners of said lands, so far as known.

The first replication sets up, that Regina Poggenpohl was not the owner of the twenty acres, but had only an estate for her life; that the children of her late husband were the owners subject to her life estate; that the petitioners for the organization of the district, at the time of filing their petition therein, knew of the heirs, who were owners as tenants in common of the remainder in said lands, and did not name them in the petition or in the notices, and that therefore the district was not legally organized. The rejoinder filed to the first replication alleges that, at the time of filing the petition, the petition-

ers had no knowledge that any person had any interest in said land other than Regina Poggenpohl, and that, at that time, she was residing upon and occupying said premises, and was the owner, so far as known to the petitioners.

Hence, the issue, made upon the rejoinder to the first replication, was whether the petitioners for the organization of the district, in giving the name of Regina Poggenpohl as the owner of the twenty acres set opposite her name, gave the name of the owner of said tract of land, so far as known to them. It is suggested by counsel that the issue tried was immaterial, and that the demurrers filed to the rejoinders should have been carried back to the replications, and sustained to them, by reason of the alleged fact that they presented immaterial issues. Whether this is so or not, both parties went to the jury upon the trial of the question whether the name of the owner of said twenty acres was given, so far as known to the petitioners.

Section 11 of the act of June 27, 1885, after making provision as to the manner in which the petition shall be signed, provides that it shall set forth the boundaries of the proposed district, or a description of the several tracts thereof, or fractions as usually designated, and that said petition shall state that the lands, lying within the boundaries of the proposed district, require a combined system of drainage or protection from wash or overflow; that the petitioners desire that a drainage district shall be organized, embracing the lands therein mentioned, for the purpose of constructing, repairing or maintaining a drain or drains, ditch or ditches, embankment or embankments, grade or grades, or all or either, within said district, for agricultural and sanitary purposes, by special assessments upon the property benefited thereby; and section 11 then closes with these words: "The names of the owners of the several tracts of land together with their post-office address shall be

given so far as known." Section 12 of the act provides that the town clerk shall file the petition in his office, and, within five days thereafter, give notice in writing to each of the commissioners of highways of such town, that it has been filed, and shall give notice, if there be two parties only interested in the drainage, to each of the two parties concerned, or if the petition is signed by two or more, and more than two parties are involved, then the notice shall be given by posting written or printed notices, in at least three public places in or near the proposed drainage district, that a meeting of the drainage commissioners shall be held at such place and time as the commissioners may have decided upon, not less than eight days nor more than fifteen days from the date of said notice, for the purpose of organizing said drainage district, and that he shall also file a copy of said notice in his office.

The petition, filed for the organization of the district, contained all the allegations required by the statute. Complaint is made by the appellants, that the court erred in admitting and excluding evidence upon the trial before the jury. The appellees, in their rejoinder to the first replication, denied that the petitioners for the organization of the district had any knowledge, that any other parties owned an interest in said twenty acres, except Regina Poggenpohl. Upon the trial, appellants offered to introduce in evidence the will of Herman Poggenpohl, deceased, showing that Regina, his widow, had only a life estate, and that no devise was made of the remainder, so that the latter descended as intestate estate to the heirs. The court below refused to admit the will. There was no error in this, so far as the purpose of its introduction was to show that Regina Poggenpohl owned only a life estate, because such ownership was averred in the information and replication and not denied in the rejoinder, and therefore did not require proof. So far as the will was offered in evidence for the purpose of show-

ing that the remainder was not devised, and therefore passed as intestate estate to the heirs, it could have no bearing upon the question, whether or not the petitioners had knowledge that such heirs had an ownership in the property. It appeared from the evidence, that Regina Poggenpohl was in possession of the land in question, and, while occupying it, claimed to be the owner of it, and stated to one of the petitioners that she was such owner; and that, as such owner, she paid the taxes for the years 1897, 1898 and 1899.

The notice in a proceeding for the organization of a drainage district under the statute is simply for the purpose of including lands in the district. Here, the lands were properly described, and the owner, so far as known to the petitioners, inasmuch as she resided upon the lands and paid the taxes, was named as such owner in the petition and notices. By such petition and notice, jurisdiction, so far as the tract of twenty acres was concerned, was conferred upon the commissioners. For the purposes of the organization of the district, Regina Poggenpohl was the owner of the land.

Complaint is made that the court erred in the giving and refusal of instructions. The court refused to give instructions for the appellants, which told the jury that, if they should believe from the evidence that, when the petition was filed, the petitioners, or any or either of them, had notice of such facts or circumstances as would put an ordinarily prudent person upon inquiry as to the ownership of said twenty acres of land, then the law charges such persons with notice of all such facts as a diligent inquiry would disclose, and that the jury should so consider the law to be in making up their verdict. The petitioners were not buying land, and were not compelled to investigate the title. The question was, what knowledge did the petitioners have of the ownership when they filed the petition, and not what knowledge an investigation of the title through the probate court or

other courts would disclose. The instructions, whose re-
fusal is complained of, were not applicable to the issue
before the jury. The instructions given for the appellees
are complained of, because they omitted the element thus
contained in the instructions asked by the appellants,
which were refused. The question, who really owns a
tract of land, is often determined after a vexatious liti-
gation; and it could not have been intended by the legis-
lature, that highway commissioners, who are generally
farmers without special training, living in the neigh-
borhood of the lands to be drained, should pursue an in-
vestigation for the purpose of determining who are the
owners in fee of the tracts, proposed to be embraced in
the drainage district. The principle that, where parties,
purchasing land, have notice of such facts and circum-
stances as will put an ordinarily prudent person upon
inquiry as to the ownership of the land, the law will
charge them with notice of all such facts as a diligent
inquiry will disclose, has no application to such a pro-
ceeding as this for the organization of a drainage dis-
trict. We are, therefore, of the opinion that the court
below committed no error in the matter of refusing the
instructions asked by the appellants, or giving the in-
structions asked by the appellees.

As to the issue, made upon the demurrers filed by the
appellants to the rejoinders of the appellees, as above
stated, the questions which arise relate merely to alleged
indefiniteness in the names of some of the owners of the
lands embraced in the district, and also alleged indefi-
niteness in the description of one of the tracts of land.

In the petition for the organization of the district,
the names of the owners of the lands, in two instances,
were designated as "Joseph Drehr Hrs," and as "Jos. Mc-
Kinney Hrs." The contention is that by these names the
statute is not complied with. The statute requires that
"the names of the owners of the several tracts of land,
together with their post-office address, shall be given so

far as known." It is said that designating the owners as
Joseph Drehr heirs, and Joseph McKinney heirs, is not
giving the names of the owners, the contention being
that to say that the owners of lands are the heirs of a
designated person is not giving the names of the owners.
Counsel, upon this branch of the case, refer to a decision
in Indiana, holding that a petition for laying out a high-
way, which fails to give the names of the owners, occu-
pants or agents of the land through which the highway
passes, is defective, and that it is not a sufficient desig-
nation of such owners to say that they are the heirs of a
person named. (*Hughes* v. *Sellers*, 34 Ind. 337). We are
not advised as to the provisions of the Indiana statute
referred to in the case cited, but we are satisfied that the
decision there announced is not applicable to this case,
where the petition is merely required to state the names
of the owners so far as known. Here, the rejoinders aver
that the names of the owners of the several tracts of
land, together with their post-office addresses, are given
so far as known, and the demurrers to the rejoinders
admit this statement. We think that the allegations of
the petition, that the Joseph Drehr heirs and the Joseph
McKinney heirs were the owners so far as known to
petitioners, were sufficient to give the commissioners
jurisdiction. The only question is, whether the petition
and notices for the organization of this district conferred
jurisdiction upon the commissioners to organize the dis-
trict, and it appears that here the provisions of the stat-
ute were strictly complied with.

The insufficiency charged against the description of
one piece of land is as follows: "Jos. McKinney, hrs.,
n 55–160 w½ se ¼, 32 55 Raymond, Ill." It is said that this
was not only not a proper designation of the owners, but
that it was not a sufficient description of the land. The
land, included within the proposed district, consisted of
fifty-five acres, the figures "55" being intended to desig-
nate the number of acres, but the description is of the

north twenty-seven and one-half acres of the half section, the fraction $\frac{55}{160}$ evidently being a mistake for $\frac{55}{80}$. Following the description of the boundaries of the district in the petition is the following statement: "All of said lands being situated in township 11 north, range four, west of the third principal meridian in said Montgomery county." In the description of each several tract the town and range are omitted, and only the owner's name, the subdivision, section, number of acres and address are given. The tract, to which objection is made, in addition to being included within the boundaries, is described as the north $\frac{55}{160}$ of the west half of the south-east quarter of section 32, instead of the north $\frac{55}{80}$ of said tract, but this tract could easily be found by a competent surveyor as the north twenty-seven and one-half acres of said west half. It is a part of the land intended to be included, and as it could be easily found, was sufficient to give the party interested notice. This description could have been rejected or omitted, and still the statute would have been fully complied with. We do not think, that the insufficiency of description in the tract last named is sufficient to affect the organization of the district with illegality, and to make it invalid. It is to be noted, that none of the McKinney heirs are making the objection here insisted upon. They do not complain that their lands were improperly embraced within the district, but the complaint comes from the present relators who are in no way interested in the tract, so alleged to have been mis-described.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

This case was originally assigned to the late Justice PHILLIPS, but, as he prepared no opinion, the case has been re-assigned since his death.