### Eva L. Bowen *et al.*

*v*

### William H. John *et al.*

*Opinion filed February 18, 1903.*

1. WILLS—*words of inheritance not essential to create estate in fee simple.* Under the Conveyance act, words of inheritance are not now essential to create an estate in fee simple.

2. SAME—*intention to limit fee simple devise must appear.* Language used by the testator sufficient to pass a fee simple title will be given such effect in the absence of the expression of an intention to limit the fee to a less estate.

3. SAME—*what does not limit fee simple title to a life estate.* If a clause in a will provides that the sole survivor of the three devisees shall

be "the sole owner in fee of all said premises," his fee simple title is not reduced to a life estate by reason of the further declaration that he shall continue to be such owner during the rest of his life.

4. SAME—*a testator cannot prohibit alienation of fee simple estate.* A testator, after devising an estate in fee, cannot take from such estate the quality of inheritance or the right of the owner to alien the estate.

5. SAME—*when a survivor takes a fee simple title.* A devise of described land to the testator's brother and sisters in equal parts, the land not to be mortgaged or sold during the lifetime of the devisee unless absolutely necessary, and providing that the sole survivor shall be "the sole owner in fee of all said premises" and shall continue to be sole owner the rest of his life, and may sell the premises if necessary for his support, passes a fee simple title to the sole survivor, where there is no disposition of any remainder other than a general residuary clause to the same devisees.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

ELLWOOD, MEEK & LOVETT, for appellants.

L. W. McNEIL, and BARNES & MAGOON, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a proceeding in chancery for the partition of certain lands, the ownership whereof depends upon the true construction of the second clause of the will of James M. John, deceased. Said second clause of the will reads as follows:

"*Second*—I give and devise unto my brother, Thomas John, and my sisters, Caroline John and Eliza John, in equal parts or shares between them, all my right, title, interest and claim in and to the south-west quarter of section twenty-seven (27), in township twenty-seven (27), north, range two (2), west of the third principal meridian, in the county and State aforesaid; and also ten acres off of the north end of all that part of the north-east quarter of section twenty-one (21), in township twenty-seven (27), north, range two (2), west of the third principal meridian, which is situated and lies west of the public

road running north and south through said last named quarter section, the same being ten acres, more or less. And it is my will, and I so order and direct, that neither of said tracts of land, nor any part thereof, shall be sold nor mortgaged nor otherwise encumbered during the lifetime of either of said devisees, unless it shall become absolutely and indispensably necessary for their support. And it is my will when one of said devisees shall decease or depart this life, that his or her share and interest in said premises shall descend to and vest in the surviving devisees aforesaid, and that when two of said devisees shall have departed this life, then their interest and share in said premises shall descend to and vest in the survivor of said devisees, and such sole survivor shall then be sole owner in fee of all said premises, and shall so continue to be the sole owner thereof during the remainder of the life of such sole survivor: *Provided, however*, that such sole survivor may sell said premises, or any part thereof, if it should be absolutely and indispensably necessary to do so for the support of such sole survivor."

The three devisees mentioned in the clause were a brother and two sisters of the testator. All were dead when this petition for partition was filed. Eliza died July 16, 1884, and Caroline in the year 1892, and neither of them left a child, children or descendants of a child or children. Thomas John thereupon became the sole survivor of the three devisees. He departed this life March 28, 1901, leaving neither child, children nor descendants thereof. The contention of the appellants is, that under the true construction of this clause the said Thomas John, as sole surviving devisee, took a life estate.

In no other clause of the will is there any express devise or disposition made of any supposed remainder in the lands described in said second clause. The will contains a general residuary clause, which devises and bequeaths "all the rest and residue of the estate which is

not hereinbefore disposed of" to the three devisees named
in the said second clause of the will. This general resid-
uary clause is to be regarded as having been introduced
to prevent intestacy as to any part or portion of the es-
tate not disposed of by the will, and the suggestion that
it was the intent of the testator to create a life estate in
the premises described in the second clause of the will in
the three devisees, and by this general residuary clause
to devise the remainder in fee in the same three devisees,
cannot be entertained. We think clause 2 devises an
estate in fee to the sole surviving devisee. Words of in-
heritance are not now essential to create an estate in fee
simple, but every estate in lands granted or devised is
to be deemed a fee simple estate of inheritance if a less
estate be not limited by express words or does not ap-
pear to have been granted, conveyed or devised by con-
struction or operation of law. (1 Starr & Cur. Stat. chap.
30, sec. 14, p. 925.)

The terms "fee," "fee simple" and "fee simple absolute"
are equivalent terms. (12 Am. & Eng. Ency. of Law,—
2d ed.—890.) An estate in fee simple is the greatest es-
tate or interest which one can possess in lands. The term
"owner," when applied to real estate, means an estate in
fee simple. (*Illinois Mutual Ins. Co.* v. *Marseilles Manf. Co.*
1 Gilm. 236.) The language employed in the second clause
of the will is, that the said Thomas John, sole survivor
of the devisees, shall be "the sole owner in fee of all said
premises." The further declaration of the clause that
such sole survivor should continue to be the sole owner
in fee during the remainder of his life, had no effect to
detract from the character and nature of the estate so
granted to him. It is by no means equivalent to a dec-
laration that an estate less than a fee was intended to be
devised. The estate remained, notwithstanding this ex-
pression, an estate of inheritance. The further expres-
sion in said second clause that the sole survivor may sell
the premises, or any part thereof, if absolutely and indis-

pensably necessary for his support, cannot be construed to divest the estate in fee vested in said survivor by the preceding express declaration found in the clause, that said survivor should be sole owner in fee.

It is the policy of the law, well evinced by statutory enactment and judicial decisions of this court, that every estate shall be deemed to be an estate in fee unless a contrary intention is clearly expressed. Where a testator in a devise employs language sufficient to pass the fee simple title, in the absence of the expression of a clear intention to cut down the fee to a life estate an estate in fee simple will pass. (*Wicker* v. *Ray*, 118 Ill. 472.) "It is the disposition of courts to adopt such a construction as will give an estate of inheritance to the first donee. When, therefore, the fee is devised by a clause or clauses of a will, and other portions or clauses are relied on as limiting or qualifying the estate thus given, they should be such as show a clear intention on the part of the testator to thus limit or qualify the estate granted. Such an intent should clearly and unequivocally appear." *Giles* v. *Anslow*, 128 Ill. 187; *Davis* v. *Ripley*, 194 id. 399; *Walker* v. *Pritchard*, 121 id. 221.

The intention to confer a fee having been clearly expressed by the testator, the estate is not to be cut down by dubious, vague and ambiguous expressions which follow the explicit devise of the fee. Neither could the testator, after having devised an estate in fee, take from such estate the quality of inheritance or the right of the owner to alien the estate, for that would be to grant an estate in fee simple and then prevent the consequences of ownership in fee from attaching thereto, which the law will not permit to be done. *Jones* v. *Port Huron Engine and Thresher Co.* 171 Ill. 502.

The court correctly construed the will to confer an estate in fee upon said Thomas John, sole surviving devisee. The decree is therefore affirmed.

*Decree affirmed.*