THE CITY OF CHICAGO, Appellee, *vs.* MARSHALL S. MARSH *et al.* Appellants.

*Opinion filed October 25, 1911.*

1. SPECIAL ASSESSMENTS—*filing objections to merits waives objections to faulty notice.* Objections to a faulty publication notice can only be raised under a special appearance and are waived by filing objections to the merits.

2. SAME—*section 23 of Costs act, concerning appeals for delay, does not apply to special assessment proceedings.* Section 23 of the Costs act, authorizing damages not exceeding ten per cent of the judgment where an appeal is prosecuted solely for delay, does not apply to a special assessment proceeding, as the additional assessment of ten per cent against the property, without regard to benefits, would be void.

3. SAME—*assessment cannot be made a personal liability of the property owner.* A special assessment is against the property and cannot be made a personal liability of the owner, and the continuing test throughout the proceeding is that the assessment must not exceed the special benefit to the property.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MONTGOMERY, HART & SMITH, for appellants.

PHILIP J. MCKENNA, and EDGAR R. HART, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of confirmation in a special assessment proceeding for the improvement of a certain portion of Blanche street, in the city of Chicago, by curbing, grading and paving with asphalt and adjusting the necessary sewers, catch-basins and man-holes. Appellants filed seventy-two objections, most of them going to the merits of the proceedings. Upon the trial only four objections were urged, two going to the merits and the other two to the jurisdiction of the court over the persons of appellants on the ground that the publication notice was insufficient, not being published for five successive days. All legal objections were overruled and appellants waived further controversy on the record. A judgment of confirmation was thereupon entered, and this appeal followed.

The question of notice is the only one raised by appellants. Conceding that the publication notice was insufficient to give the court jurisdiction over the persons of appellants, the only way that question could be raised was under a special appearance. The faulty notice was waived by filing objections to the merits. Such objections amounted to a general appearance and cured all defects in the notice.

(*Nicholes* v. *People,* 165 Ill. 502; *Porter* v. *City of Chicago,* 176 id. 605; *Dickey & Baker* v. *People,* 213 id. 51; *Marshall* v. *People,* 219 id. 99; *Waite* v. *People,* 228 id. 173; *People* v. *Smythe,* 232 id. 242; *People* v. *Harper,* 244 id. 121.) The cases cited by appellants on this question are only in point under special appearance questioning the jurisdiction of the court.

Counsel for the city insist that this appeal was perfected solely for delay, and that therefore the city should be awarded, as a part of the judgment, under section 23 of chapter 33, on costs, (Hurd's Stat. 1909, p. 618,) damages not exceeding ten per cent on the amount of the assessment against appellants' lands. We do not think this statute applies to special assessment proceedings. If such damages were charged against the property there is no provision, under the law, as to whom or how such money should be paid out. The fund raised for a local improvement by special assessment must be kept separate for each improvement. In levying special assessments the assessment on any property must not exceed the special benefit to that property. (*Crawford* v. *People,* 82 Ill. 557; *Middaugh* v. *City of Chicago,* 187 id. 230; *Gage* v. *Springer,* 211 id. 200.) That is a continuing test through all the proceedings. (*City of Nokomis* v. *Zepp,* 246 Ill. 159.) The assessment is against the property and not against the owners of the property. It cannot be made a personal liability against the owners. (*Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260; *Craw* v. *Village of Tolono,* 96 id. 255; *Huston* v. *Tribbetts,* 171 id. 547.) The only way such damages could be raised would be by an assessment against the property. Such an arbitrary assessment, regardless of benefits, would be void.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*