The CAMPBELL COUNTY BOARD OF ED-
UCATION, a Body Corporate
and Politic, Appellant,

v.

BOULEVARD ENTERPRISES, INC., a Cor-
poration of Nevada, et al., Appellees.

Court of Appeals of Kentucky.

Sept. 28, 1962.

Lorimer W. Scott, James B. Meadows, Newport, for appellant.

Albert H. Root, Daniel W. Davies, Thomas D. Hirschfeld, Newport, for appellees.

MOREMEN, Judge.

In the year of 1937, the City of Southgate annexed a small area of land in Campbell County.

In 1955 under the provisions of KRS 160.-045, which were then in effect (the statute was altered and reenacted in 1956) certain owners of real property in the territory which had been incorporated into Southgate served notice on the Board of Education of the Campbell County School District by which they demanded that the annexed territory be placed in and made a part of the Southgate Independent School District.

KRS 160.045 designated a number of requirements which must be fulfilled before the transfer could be coerced by the courts. Generally these conditions were met. However, there is serious doubt as to whether the demands of subsection (2) were satisfied. It reads:

"If seventy-five percent of the owners of real property located in such territory in a county school district

shall present a written petition to the board of education of the school district in which their property is located demanding of said board of education that their property be placed in another school district, the board of education of the school district in which said property is located shall proceed at once to place said property in the school district as demanded by said petitioners."

The doubt emerges from the hybridal question proposed by the facts and the law. Did "seventy-five percent of the owners of real property located in such territory" sign the demand? The trial court held that they did.

The territory was small and the owners were few. There were only four tracts of land and these were the owners:

1. Boulevard Enterprises, Inc.

2. Alma Conley, a widow.

3. Ruth and Sam Schraeder.

4. Frank and May Meyer.

All of the above owners signed the demand except Frank and May Meyer.

If each tract is to be treated as a unit and the only concern is to obtain the signatures of the owners of three out of the four tracts, then the requirement of the statute of "seventy-five percent of the owners of real property" has been satisfied. If "owners" means everyone who owns an interest in real property in the annexed area, then an insufficient number signed the petition, because there are six owners in such classification and only four of them signed, or 66⅔ percent of the "owners."

Appellees contend that Sam and Ruth Schraeder, who are husband and wife, should be considered as one owner, as should the married owners, Frank and May Meyers. The argument is based on the common-law doctrine that husband and wife are one and that the conveyance of real property to a married couple creates but one estate.

The property owned by Sam and Ruth Schraeder was conveyed to them as tenants by the entirety and the habendum clause reads:

"To have and to hold the same to the said Sam Schraeder and Ruth Schraeder, husband and wife, as tenants by the entirety and to the survivors of them, his or her heirs and assigns forever."

Frank and May Meyer obtained their property under deed which conveyed the land to:

"Frank and May Meyer, husband and wife, with right of survivorship, his or her heirs or assigns forever."

The habendum clause used the same words.

When land is conveyed to a married couple under such granting clauses the estate created is known as a tenancy by the entirety. This estate is no different than a tenancy in common with the right in each to take the whole if he or she survives. Long ago, however, the law developed the idea that but one estate is created and therefore there is but one owner. This conception arose out of the struggle by the courts in the past to justify the absurd fiction that two people when married became only one person. The courts and other lawmakers in more modern times seem to have concluded that this is carrying "togetherness" a little too far, and have determined that a married woman has some individuality and some rights which exist independent of those of her husband. The ancient epigram that "husband and wife are one and the husband is that one" has lost the sting of its original wit. The courts now try to give each party separate integrity. Witness: the Weissinger Act, the right of a wife to sue her husband because of tort—and similar developments of recent years.

In Hoffmann v. Newell, 249 Ky. 270, 60 S.W.2d 707, 89 A.L.R. 489, by a carefully

written opinion, the history of an estate known as tenancy by the entirety was delineated and although the court recognized that but one estate was created, it held that the interest of the husband had sufficient diversity to be subjected to the lien of a creditor and the expectancy of the tenant was subject to the lien of a judgment against him. In effect, the case held that although the estate was one, there were severable interests.

In the case at bar, too much emphasis should not be placed on the technical aspects of real property law. The prime concern is to determine what was intended by the use of the word "owner" in KRS 160.045. This statute is concerned with the actuality of where children should attend school.

The word "owner" invokes many images. It is elastic and its color changes to match the context. A neat statement of its chameleonic character may be found in Warren v. Lower Salt Creek Drainage District, 316 Ill. 345, 147 N.E. 248, where it is written:

> "The word 'owner' is nomen generalissimum, and its meaning is to be gathered from the connection in which it is used and from the subject-matter to which it is applied, and when used in a statute the obvious nature and purpose of the statute may indicate its meaning."

We do not believe that KRS 160.045 was concerned with the exact nature and the nomenclature which described the title to the land. We think "owners" was meant to designate all people who owned any interest in property which would permit them to be concerned with community school affairs. (The Act of 1956 reads "seventy-five percent of either the registered voters or property owners." Therefore one is not required to own any property in order to have a voice in the matter.)

We are of opinion that both the husband and wife in cases of estates known as tenancy by the entirety are owners of property and that the interest they own is sufficient to classify them as being "owners of real property" under KRS 160.045. When the demand served under its terms did not contain 75% of the owners it was defective and compliance with the terms of the statute was not had.

The judgment is therefore reversed.