The cost of replumbing a house left to one for life should, as a permanent improvement, calculated to benefit the remainder-men as well as the life tenant, be apportioned between the two in such ratio as the value of the life estate bears to that of the reversionary estate.

Proceeding for the judicial settlement of the accounts of William Laytin and others as trustees under the will of William Laytin, deceased.

D. E. Meeker, for trustees. D. T. Walden, for general guardian of Edith and Mary Davidson, minors.

COFFIN, S. The testator, by his will, devised a house and lot in the city of New York to his wife for life, and bequeathed to her an annuity of $7,000. The trustees now claim a credit, as against the corpus of the estate, of upwards of $1,000 for moneys expended by them in replumbing the said house. No evidence has been given in the case, and the facts rest wholly in the statements made by counsel; they appearing to assume that this court has sufficient knowledge on the subject to enable it to determine the question intelligently. In this respect, it must be admitted, they are laboring under a mistake.

It is stated that the old plumbing had become so defective or out of repair that the water ran down and injured the inside walls of the house, and that the house had become almost untenantable, and dangerous to health, in consequence of foul odors engendered; and that, in the judgment of the trustees, it became necessary to take out the old and replace it by new, and on an improved system of, plumbing. How long the new plumbing shall answer its purpose, the court, in the absence of the testimony of those skilled in such matters, has no means of knowing, but, for the purposes of this matter, will assume that it is a permanent improvement, and calculated to be of benefit to the remainder-men. It is not of the character of an ordinary repair, like that of a burst pipe, which the life tenant is bound to make. If this be so, it is also a great benefit to the life tenant, and the expense must be apportioned between them. There being no evidence of the value of the house and lot, or of the age of the life tenant, this apportionment cannot here be made, but may be done on settling the decree. The present value of the life estate, as ascertained, will be deducted from the whole value of the property, and the remainder will be the value of the reversionary interest, and the expense will be apportioned pro rata as between those several amounts.

The counsel for Melville Boyd, the general guardian of Edith and Mary Davidson, although he filed objections to other items in the account, has, in his brief submitted, confined himself exclusively to the charge for plumbing. It is fair to infer that he has abandoned all other objections, and they have not been critically considered. It may be remarked, however, that on a cursory glance they do not appear to be tenable.