ALBERT M. HUSTON

*v.*

NANCY TRIBBETTS.

*Opinion filed February 14, 1898.*

1. TAXATION—*life tenant must pay the annual taxes.* The life tenant of lands must pay the annual taxes assessed against the property, as the benefits for which such taxes are exacted are realized from year to year.

2. SAME—*special assessments not in law regarded as ordinary taxes.* Special assessments for local improvements, though levied through the taxing power, are not regarded as ordinary taxes, but as an equivalent for benefits in the increased value of the property.

3. SAME—*special assessment for permanent improvement should be borne by life tenant and remainder-man ratably.* The life tenant should bear the expense of a special assessment for an improvement of temporary character, but where an improvement is permanent and increases the value of the remainder, a special assessment therefor should be borne by the life tenant and remainder-man ratably, in proportion to the benefit accruing to each.

*Tribbetts* v. *Huston*, 69 Ill. App. 340, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

A. G. JONES, and BEACH & HODNETT, for appellant:

The owner of the life estate is liable for all taxes and charges against the land during the life estate. *Peyton* v. *Jeffries*, 50 Ill. 143; *Whyte* v. *Mayor*, 2 Swan, 364; *Haulenbeck* v. *Conkright*, 23 N. J. Eq. 147.

Life tenants are liable for special assessments against the property, such as for paving, sewers, and the like. *Warren* v. *Warren*, 148 Ill. 653; *Whyte* v. *Mayor*, 2 Swan, 364.

The tenant for life is bound, out of the rents and profits, to keep down all incidental charges upon the land which accrue during the continuance of his or her estate, as for repairs, taxes, and the like. Special assessments for paving and for sewerage, as well as taxes

and repairs, may be included in such incidental charges. *Warren* v. *Warren*, 148 Ill. 641.

BLINN & HARRIS, for appellee:

A special assessment is not a tax. It is imposed for a special purpose and not a general or public object, and has none of the distinctive features of a tax. Cooley on Taxation, 416; *Railroad Co.* v. *Decatur*, 126 Ill. 96; 147 U. S. 190; *Canal Trustees* v. *Chicago*, 12 Ill. 403.

If an encumbrance exists upon the estate, the owner of the life estate and the remainder-man must each contribute to its payment in proportion to the value of each estate, or the owner of the life estate pay the interest on the principal. 6 Am. & Eng. Ency. of Law, 882; *Briscoe* v. *Power*, 85 Ill. 420; *Griffith* v. *Robinson*, 14 Ill. App. 377; *Estabrook* v. *Hapgood*, 10 Mass. 313; Perry on Trusts, 554; 1 Washburn on Real Prop. (3d ed.) 110; 2 id. 198; 4 Kent's Com. 74; *Atkins* v. *Kron*, 8 Ired. Eq. 1.

A special assessment against an estate for something in the nature of a permanent improvement or betterment of the entire estate is to be equitably divided between the tenant for life and the remainder-man. *Plympton* v. *Boston Dispensary*, 106 Mass. 546; *Peck* v. *Sherwood*, 56 N. Y. 615; *Carns* v. *Chabert*, 3 Edw. Ch. 312; *Gunning* v. *Carmen*, 3 Redf. 69; *Flut* v. *Dorland*, 11 How. Pr. 489; *Estate of Miller*, 1 Tuck. 346; *Stilwell* v. *Daughty*, 2 Bradf. 311; *Harvard College* v. *Alderman*, 104 Mass. 470.

The rule of contribution, while a rule of equity, applies in cases at law. *Golsen* v. *Brand*, 75 Ill. 148; *Drummond* v. *Yeager*, 10 Ill. App. 380; *Griffith* v. *Robinson*, 14 id. 377.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee has a life estate in a tract of land of one hundred and sixty acres, and appellant owns the remainder in fee. The land is worth $8000, and in 1893 it was specially assessed for benefits in the construction of a

ditch forty feet wide and seven feet deep and five miles long, for purposes of drainage, to the amount of $1500, payable in five annual installments, with interest on the deferred payments. The installment due in May, 1895, was $343.19. It was not paid, and the land was sold by the county collector. In November, 1895, appellant redeemed the land by paying the amount due, $429.34, and brought this suit against appellee, the owner of the life estate, to recover the sum so paid. Appellee pleaded the general issue, and filed a special plea as to all of appellant's demand except $25, in which she set out the facts and averred that the improvement for which the assessment was levied was a permanent one for the drainage and improvement of the land, which benefited and permanently enhanced the value of both the life estate and the remainder; that the only claim or cause of action of appellant was for contribution of such part as her life estate should pay toward discharging the said special assessment, and that her contributive share did not exceed the sum of $25. The court sustained a demurrer to this plea, to which ruling appellee excepted and elected to stand by the plea. A jury was waived and the cause was tried by the court upon a written stipulation of the facts, in which it was agreed that appellee, the owner of the life estate, was of the age of sixty-eight years, and that the drain constructed by the drainage commissioners, for which the assessment was levied, was and is a lasting and permanent improvement, permanently adding to the value of the life estate and the remainder. There were finding and judgment for appellant, which were reversed by the Appellate Court and the cause was remanded to the circuit court, with directions to ascertain appellee's just proportion of the assessment and to give judgment for no more.

No objection is made to the form of the judgment or the direction of the Appellate Court if the defense set up by the special plea was a good one, and for the pur-

pose of presenting that question to this court appellant obtained a certificate of importance from the Appellate Court. The question thus raised is submitted to this court by the briefs of the parties, and is the only question in the case.

It is not doubted that appellee, as the owner of the life estate, must pay the annual taxes assessed against the property. They are imposed as a yearly burden for the current benefits derived from the administration of the laws, the protection of property and the general welfare. Special assessments like this, although levied through the exercise of the taxing power, are not regarded as such ordinary taxes, but as an equivalent for benefits in the increased value of the property. (Cooley on Taxation, 416; *Canal Trustees* v. *City of Chicago*, 12 Ill. 403; *County of McLean* v. *City of Bloomington*, 106 id. 209; *Illinois Central Railroad Co.* v. *City of Decatur*, 126 id. 92.) The benefits for which ordinary taxes are exacted are realized from year to year, and it is just that the owner of the life estate should pay them, but they rest upon entirely different grounds from a special assessment, where the improvement is a permanent benefit to the property and to the remainder. Where the whole estate is benefited by the discharge of an encumbrance it is to be apportioned ratably between the tenant for life and the remainder-man. (4 Kent's Com. 74; 6 Am. & Eng. Ency. of Law, 882.) Upon that principle it is held that the life tenant and remainder-man are chargeable with their several portions of special assessments beneficial to each. *Peck* v. *Sherwood*, 56 N.Y. 615; *Plympton* v. *Boston Dispensary*, 106 Mass. 546; *Carns* v. *Chobert*, 3 Edw. Ch. 312.

The argument for appellant is grounded on the claim that a contrary rule was laid down in *Warren* v. *Warren*, 148 Ill. 641, and that it was there held that the life tenant must pay and discharge all special assessments. In that case Alva Warren by his will appointed his son, John H. Warren, trustee of his estate, and directed him to pay out

of the annual rents and interest the annual taxes and insurance and all reasonable repairs and improvements of the property, and of the annual income not used for said purposes one-third should belong to his wife, Eliza A. Warren, during her natural life. She had executed an acceptance of the provision so made for her by the will, and was bound by its terms. The question which arose was whether it was proper for the trustee to pay out of the annual rents and interest the amounts of certain special assessments levied upon the property of the estate for paving streets and putting in sewers. It was held that the paving of a street in front of a lot and putting down a sewer therein were "reasonable improvements," and properly paid for by the trustee under the will. Eliza A. Warren was not in as dowress, but the rule there stated in cases where dower has been assigned, quoted from *Peyton* v. *Jeffries*, 50 Ill. 143, that the widow must be "subjected to the charges, duties and services to which the estate may be liable, in proportion, certainly, to her interest therein," does not conflict with the above authorities requiring an apportionment. We do not see any conflict between the *Warren case* and them. If an improvement for which a special assessment is levied is of such temporary character, requiring renewal from time to time, that the life tenant may be said to reap substantially all the benefits, and the remainder is not enhanced in value, the life tenant should bear the expense; but where there is a permanent improvement increasing the value of the remainder there would be no justice in requiring the life tenant to pay for such increase of value.

The circuit court erred in sustaining the demurrer to the special plea, and the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*