## Kline *v.* Dowling et al.

[No. 21,966. Filed November 28, 1911.]

1. TRIAL.—*Conclusion of Law.—Exceptions.—Special Findings.*— An exception to a conclusion of law admits, for the purposes of the exception, that the facts were correctly found. p. 524.

2. FENCES.—*Cost of Constructing.—Life Tenants.—Remaindermen. —Contribution.*—In a suit by a life tenant against remaindermen for contribution for the cost of a partition fence, a special finding that such fence did not constitute a permanent improvement

and that it was made necessary because of the life tenant's neglect, justifies a conclusion of law for the remaindermen. pp. 524, 525.

3. Drains.—*Cost of.—Life Tenants.—Remaindermen.—Contribution.*—The proportionate amount of the cost of a permanent public drain should be borne by the life tenants according to their expectancy and by the remaindermen; but where the age of the life tenant is not shown in the special findings, a conclusion that such tenant should pay half the expense of such drain cannot be disturbed on appeal. p. 524.

4. Life Estates.—*Repairs,—Remaindermen.*—Life tenants should make all ordinary repairs; but the cost of permanent improvements should be equitably prorated between the life tenant and the remaindermen, taking into account the age of the life tenant and other relevant facts. p. 525.

5. Drains.—*Cost of.—Appeal.—Life Tenants.—Remaindermen.*—Where there was some evidence that a life tenant permitted existing tile drains to become out of repair, and this fact caused an increase in the assessment for the construction of a new tile drain, a finding that he should bear half the cost of such new drain and the remaindermen the other half is conclusive on appeal. p. 526.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Suit by Charles M. Kline against Anna M. Dowling. From a decree for plaintiff, he appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Herman C. Rogers* and *Dallas C. Rogers,* for appellant.
*William Darroch,* for appellees.

Morris, C. J.—In 1893 Peter Kline died testate, the owner of 120 acres of farm land in Newton county. By his will he devised an estate therein to his wife, Elizabeth Kline, for life, and at her death an estate therein to his daughter, appellee Anna M. Dowling, for the remainder of her life, with remainder in fee to the children of Anna M. Dowling.

In 1897, the widow, Elizabeth Kline, conveyed her life estate to Peter Kline, who, in 1901, conveyed it to appellant, who has since occupied it and received the rents and profits thereof.

In 1905, as the result of certain legal proceedings, a par-

tition fence was constructed between a portion of this land and other land lying south thereof, owned by one Whaley. This fence was built under a contract let by the township trustee under §§7378, 7379 Burns 1908, Acts 1897 p. 184, §§2, 3. At the same time a partition fence was built under a contract let by the trustee on the line dividing this land and the land of one Sell, on the west side thereof. The contract price for these fences was $67 and $175, respectively.

In April, 1908, a petition was filed in the court having jurisdiction thereof, to construct a tile drain which affected the Kline land, and said land was assessed $900 for the construction thereof. The land was also, about the same time, assessed $16.20 for the construction of another tile drain.

Appellees, Carrie Dowling, Annie Dowling, Thomas Dowling and William Dowling, Jr., are the children of appellee Anna M. Dowling.

In his complaint against appellees, appellant alleges that the contractor foreclosed his liens for constructing the fences, and that he was compelled to pay them; that the partition fences erected are of heavy wire, fastened to heavy wooden posts, and are so constructed that they are a lasting and permanent improvement to the real estate; that the ditches are permanent and lasting improvements; that the widow, Elizabeth Kline, is sixty-six years of age; that defendants refuse to pay any portion of the cost of the fences and drains, and he prays for a decree apportioning the cost of the several improvements among the owners in proportion to their respective benefits, and that he have judgment against defendants for their proportionate shares thereof.

The court made a special finding of facts, and stated its conclusions of law thereon. Judgment was entered in favor of defendants in the matter of the cost of the fences, and it was adjudged that appellant should pay half the ditch assessments, and appellee Anna M. Dowling should pay three-fourths of the remaining half, and her children

the balance thereof. From this judgment plaintiff appeals. The court overruled appellant's motion for a new trial, the grounds of which are that the decision of the court is not supported by sufficient evidence and is contrary to law.

Appellant has assigned as errors the overruling of the motion for a new trial, and that the court erred in each conclusion of law.

It is contended by counsel for appellant that appellees should be required to bear a portion of the burden of the cost of erecting the fences, and that appellant should not be charged with as much as half the cost of the tile drains.

1. An exception to a conclusion of law admits, for the purpose of the exception, that the facts were correctly and fully found in the special findings. *Ray* v. *Baker* (1905), 165 Ind. 74; *Blair* v. *Curry* (1898), 150 Ind. 99.

2. In finding number thirteen, the court states that the fences are not of such a nature as to constitute a lasting and permanent improvement, but were made necessary by reason of plaintiff's neglect to repair. Assuming the correctness of this finding, plaintiff was not entitled to any relief on the item of fencing.

3. The proportionate amount of such a permanent improvement as a tile drain, properly chargeable to the life tenant, must, in a great measure, depend on the age of the life tenant. In the special findings, the age of the widow, Elizabeth Kline, is not stated. In the absence of this material fact, this court cannot say that the court erred in concluding that plaintiff should be charged with half the amount of the ditch assessments.

We find no reversible error in the court's conclusions of law on the facts found.

Counsel for appellant zealously contend that the decision is unsupported by the evidence and is contrary to law.

A tenant for life must make all ordinary repairs, but is not bound to make any permanent improvements. Perma-

nent improvements, such as sewers and farm drains, 4. add to the value of both the life estate and remainder, and the burden of making them should be equitably prorated between the life tenant and remaindermen, taking into account the probable duration of the life estate, and other relevant facts. *Hay v. McDaniel* (1901), 26 Ind. App. 683; *Huston v. Tribbetts* (1898), 171 Ill. 547, 49 N. E. 711, 63 Am. St. 275; note to *Peak v. Peak* (1910), 137 Am. St. 638, 662; note to *First Congregational Church v. Terry* (1906), 114 Am. St. 443, 449; 16 Cyc. 629.

In the case of *In re Laytin* (1889), 20 N. Y. Supp. 72, it was held that the cost of replumbing a residence under the facts there found, should be apportioned between 2. the life tenant and remaindermen. If the question of apportioning the expense of a farm fence has ever been considered by an American court, the decision has not been brought to our attention.

Whether, in this case, the fences should be deemed, to any extent, permanent improvements, it is not necessary to decide, although the evidence shows that they were constructed of good woven wire, attached to red cedar and hedge posts, and that Elizabeth Kline, the widow, was then sixty-six years of age. The evidence shows that the new fences for the most part were on lines where old fences, constructed of boards and wire attached to oak posts, existed at the time of the conveyance to appellant. A small part of the old fencing consisted of live hedge, which had become insufficient. Witnesses for appellees testified that in 1902 appellant removed the boards from the old fences, hauled them to another farm he owned, and there used them in constructing a stable. The evidence supports the decision of the lower court on the fence question. Appellant was not in a position to demand contribution for the expense of erecting new fences, even if it be conceded that such new fences were permanent improvements.

In regard to the apportionment of the ditch assessments,

it is sufficient to say that witnesses for appellees testified that in the last four or five years appellant had permitted some of the old tile drains located on the farm to become out of repair, and as a result thereof the benefits and resulting assessments for the new ditch were increased. In view of this fact, we cannot say that the court erred in charging appellant with half the cost of the assessment for the new drains.

There is no error in the record. Judgment affirmed.