MARY E. MIDDLETON ET AL. v. R. H. RIGSBEE, TRUSTEE, ET AL.

(Filed 14 April, 1920.)

1. **Estates—Sales—Contingent Interests—Statutes—Pleadings—Demurrer —Evidence.**

   A testator devised his improved and unimproved lands, in the corporate limits of a town, to his daughter for life with remainder to her children living at her death, with ulterior limitations over to trustees on certain contingencies, and the life tenant brought proceedings for sale and reinvestment of the proceeds under the provisions of Rev. sec. 1590, having made parties of the persons interested in accordance with the statute, and alleged that by the sale the income would be largely increased, that

the sale of the contemplated part to a purchaser she had secured for a certain price would meet the demands of the town for conformity with its certain health regulations as to the removal of surface privies, should enable her to make improvements on the land then without income, to make houses on other parts of the land more profitable for rental purposes, etc.; that the property as it stood was rapidly depreciating, and there were no available funds, otherwise, to meet the necessary and insistent demands. Held, a demurrer was bad, and properly overruled.

**2. Estates—Sales—Contingent Interests—Trusts.**

Courts, in the exercise of general equitable jurisdiction, may, in proper instances, decree a sale of estates in remainder and affected by contingent interests, for reinvestment, or a portion thereof, when it is shown that it is' necessary for the preservation of the estate and the protection of its owners; and this principle is not infrequently applied in the proper administration of charitable and other trusts, notwithstanding limitations in instruments creating them that apparently impose restrictions on the powers of the trustee in this respect, when it is properly established that the sale is required by the necessities of the case and the successful carrying out of the dominant purposes of the trust.

**3. Same—Wills—Limitations.**

The sale of an estate in remainder affected under the terms of a will with certain ultimate and contingent interests in trust will not be affected by a clause in the will requiring that the principal of the trust fund shall not be used or diminished during the period of thirty years, with a certain exception, the limitation applying only to the administration of the trust estate, and not preventing the court from ordering a sale when required by the necessities of the estate for its preservation.

**4. Estates—Tenants for Life—Maintenance—Remainderman—Costs Apportioned.**

While a tenant for life may be required to make all the ordinary repairs incident to the present enjoyment of his estate and prevent its going to waste, he is not chargeable alone with the costs of permanent improvement which tends to enhance the value of the remainderman's estate as well as his own, and such costs should be properly apportioned between them.

**5. Estates—Contingent Interests—Sales—Auction—Private Negotiations —Court's Discretion.**

The sale of estates affected with contingent interests, made under the provisions of Rev., 1590, may, in the sound discretion of the trial judge, and subject to his approval, be sold either at public auction or by private negotiation, as the best interests of the parties may require.

CIVIL ACTION to sell land for improvement and reinvestment, under sec. 1590, Revisal, heard on demurrer to the complaint before *Stacy, J.,* at November Term, 1919, of DURHAM. There was judgment overruling the demurrer, and defendant excepted and appealed.

*J. L. Morehead for plaintiffs.*
*Bryant, Brogden & Bryant for defendants.*

HOKE, J.  On matters more directly relevant to the inquiry the complaint alleges that under the will of her deceased father, Atlas M. Rigsbee, the *feme* plaintiff is the owner of a life estate in quite a number of lots in the city of Durham, improved and unimproved, with remainder to her children who may be living at the time of her death with ulterior limitations over to trustees on certain contingencies set forth in said will. That the present living children of *feme* plaintiff and all other ultimate takers who are known have been made parties defendant, and all who are infants or cannot now be ascertained, are represented by a guardian *ad litem* appointed by the court after due inquiry as the statute provides. Rev., 1590.  That the houses on the improved lots let for a small weekly rental, aggregating not over $70 per month, and are at present in a run-down condition, greatly in need of repairs, new roofs, painting, etc., in order to keep them in a condition to make them attractive.  Furthermore, the city of Durham has ordered plaintiff to install sewerage in many of the houses, and advised plaintiff that unless this is done the permits for the use of dry closets would be withdrawn, etc., all of which would result in large expenditures of money or in the loss of renters now occupying said houses, etc.  That several of the vacant lots so devised to plaintiff, etc., are now low, seamed with gulleys and washouts, and of such grade formation as to be unfit for building in their present shape and condition, and practically of no value unless certain culverts and pipes are installed thereon, and the lots improved and leveled up to a proper grade with the streets and surrounding property.

That plaintiff has made an advantageous bargain with one R. J. Aiken to sell one of the lots 60 x 165 feet for $4,000, with the further consideration that said Aiken will remove a house now on said lot and place same in proper condition on one of the vacant lots owned by plaintiff for life, and further level up the gullies and washouts on the other vacant lots referred to, etc.

The complaint contains averment further that plaintiffs are not able financially to make the repairs which are now called for, and necessary to the preservation and proper use and enjoyment of the property, nor to meet the demands being now made by the city of Durham, nor are her children able to do so, and that the best interests of the estate and all of the parties will be materially enhanced by the sale of the 60-foot lot referred to, and by using the consideration in the improvement of the property as indicated, and by which its value and the present and future income will be greatly increased.

Upon these averments, admitted in the demurrer to be true, we concur in the view of his Honor, and are of opinion that the demurrer has been properly overruled.

As appertaining to the facts of this record, the decided cases on the subject hold that courts in the exercise of general equitable jurisdiction may decree a sale of property for reinvestment, where it is shown that such a course is required for the preservation of the estate and the protection of its owners. And the position may in proper instances be extended to a sale of a portion of the property for the protection and preservation of the remainder.

The principle adverted to has been not infrequently applied in the proper administration of charitable and other trusts, and the exercise of the power has been justified and upheld, notwithstanding limitations in the lease or deed creating the estate which apparently imposed restrictions on the powers of the trustees in this respect when it is properly established that a sale is required by the necessities of the case, and the successful carrying out of the dominant purposes of the trust. *Trust Co. v. Nicholson,* 162 N. C., 257; *Grace Church v. Ange,* 161 N. C., 315; *Jones v. Haversham,* 107 U. S., 175; *Stanly v. Colt,* 72 U. S., 119-169; *Weld v. Weld,* 23 Rd. Island, 311. And in a well considered case of *Gavin v. Curtin,* 171 Ill., 640, the doctrine was extended to the case of a life tenant and ulterior remainderman on contingency of a common-law estate where it was made to appear that a piece of property in the city of Chicago, valuable but unproductive, by reason of accumulating taxes and charges upon it, would be entirely lost to the owners unless a sale could be made—the principle ruling in the case being stated as follows: "Upon a bill by a life tenant equity may appoint trustees to take the fee in the property, sell the same, reinvest the proceeds for the benefit of the life tenant and the remainderman, where it appears that unless equity interferes the property will be lost to both life tenant and remainderman." The position is put beyond question in the present case, this being a proceeding under sec. 1590 of the Revisal, authorizing a sale of property affected by certain contingencies, and the statute making express provision to the effect that when the interest of all the parties would be materially enhanced by it, a sale may be had of the property or any portion for reinvestment either in purchasing or improving real estate. And the Court having held that by correct interpretation the statute authorizes, in proper instances, a sale of a part of the property for the preservation and improvement of the remainder. *Smith v. Miller,* 158 N. C., 99, and *same case,* 151 N. C., 620.

In approving this position we have not been inadvertent to the clause in the will which provides that the principal of the trust fund shall not be used or diminished during the period of 30 years, except to pay the premiums on certain specified insurance policies. This limitation applies only to the administration of the trust estate, and an examination of the cases cited will disclose that while such a provision may at times

be effective as against the voluntary action of the trustees, it will not operate to prevent the court from ordering a sale when required by the necessities of the estate.

Again, on matters relevant to the inquiry, while authority is to the effect that a life tenant is required to make all the ordinary repairs incident to the present enjoyment of the property, and required to prevent its going to waste, he is not chargeable alone with the costs of permanent improvements thereon, and which tend to enhance the value of the remainderman's estate as well as his own. The decisions on the subject hold that these should be properly apportioned between them, and that the cost of sewerage required by valid municipal regulations comes well within the principle. *In re Laytin,* 20 N. Y. Supp., 72; *Huston v. Tribbetts,* 171 Ill., 547; *Wilson, Admr., v. Edmonds,* 24 N. H., 517; *Hay et al. v. McDaniel,* 26 Ind. Appel. Ct., 683; *Chambers v. Chambers,* 20 R. I., 370; *Kline v. Dowling,* 176 Ind., 521.

In this last citation the correct doctrine is stated as follows: "A tenant for life must make all ordinary repairs, but is not bound to make permanent improvements, such as sewers and farm drains, which add to the value of both the life estate and remainder, and the burden of making them should be equitably prorated between the life tenant and remainderman, taking into account the probable duration of the life estate and other relevant facts."

And further, it is the accepted position in this jurisdiction that where the power of sale exists, and the question is properly presented, such sale may be had in the sound discretion of the court, and subject to its approval, either at public auction or by private negotiation, as the best interests of the parties may require. *Thompson v. Rospigliosi,* 162 N. C., 146, and authorities cited.

A correct application of these principles is in full support of the power of sale on the facts presented, and the judgment of his Honor overruling the demurrer is

Affirmed.

ALLEN, J., not sitting.