EDITH CHRISTIAN WOODY, T. B. CHRISTIAN, AND J. A. CHRISTIAN v. EMMA LOIS CHRISTIAN, EUNICE M. WYNNE AND HUSBAND, J. C. WYNNE; RUTH MANNING ALEXANDER AND HUSBAND, E. S. ALEXANDER; THOMAS CHRISTIAN, WILLIAM CHRISTIAN, SHEFFIELD CHRISTIAN, EDITH WOODY, MINOR, AND THE FIDELITY BANK, TRUSTEE OF THE W. J. CHRISTIAN, SR., DECEASED, ESTATE.

(Filed 10 January, 1934.)

1. Wills E h—Held: under terms of will trustee could not be authorized to use corpus of estate to supplement payment to beneficiaries.

Under the terms of the will in this case the remainder of testator's property was left in trust and the executor and trustee was directed to collect the rents and profits from the estate and pay the same, after

deducting taxes, cost of repairs, etc., to certain beneficiaries each month. Upon the later shrinkage in value of the estate and a great decrease in the net income therefrom, certain of the beneficiaries instituted action to have the trustee authorized to use part of the *corpus* of the estate to supplement the monthly payments to the beneficiaries on the ground that they were the primary objects of the testator's bounty and that the reduced income was insufficient for their support and that they had no other means of supporting themselves. *Held*, the rule that the courts will construe a will with special regard for the primary objects of the testator's bounty is limited by the unequivocal terms of the will, and the court may not authorize the trustee to use part of the *corpus* of the estate to temporarily supplement the monthly income of the beneficiaries.

2. **Same—Held: trustee could be authorized to use corpus of estate to make extensive repairs necessary to preservation of estate.**

Where the executor and trustee under a will is directed to collect the rents and profits from the estate and from the proceeds to first pay taxes, cost of repairs, and all necessary expenses, etc., and then pay the remainder of the income monthly to certain beneficiaries, upon the shrinkage of the estate and the income therefrom the court may order and direct the trustee to use part of the *corpus* of the estate to make extensive repairs necessary to the preservation of the real estate and provide rental income therefrom, and the cost of such extensive repairs need not be paid out of the net income to the detriment of the beneficiaries.

3. **Wills E d—Held: under terms of trust estate daughter of deceased devisee had only contingent interest in the estate.**

Where the testator devises certain property to his daughters in fee and crates a trust estate in the remainder of his property for twenty years and directs that the rents and profits therefrom be collected by his executor and trustee and the net income therefrom be paid to his four sons, and "if either of them shall die before the expiration of twenty years leaving child or children, then such child or children shall receive their father's share of said net income," with provision for the division of the estate among the testator's heirs living at the expiration of the trust estate: *Held*, upon the death of one of the sons, his daughter him surviving is entitled to her father's share in the net income and a contingent interest in the *corpus* of the estate, but has no vested interest therein.

BROGDEN, J., not sitting.

APPEAL by plaintiffs from *Devin, J.,* June Term, 1933, of DURHAM. Modified and affirmed.

The court below found the following facts:

"This matter coming on for hearing upon a motion by attorneys for the petitioners for an allowance for support out of the principal of the estate; for costs of improvements, made to preserve the real estate and enhance the income, to be paid out of the principal of the estate; and that the estate of Edith Christian Woody be declared vested and free from contingencies; and being heard, and the pleadings being treated

as affidavits for the purpose of the motion, and other evidence, oral and written, being offered, the court finds the following facts:

"1. That W. J. Christian, Sr., late of Durham County, died on 2 May, 1920, and that a copy of his last will and testament, duly probated in May, 1920, is attached hereto, marked Exhibit A.

"2. That the relation of the parties in this action to the deceased testator is as follows:

"T. B. Christian and J. A. Christian are sons of W. J. Christian, Sr., deceased; Edith Christian Woody is the granddaughter of W. J. Christian, Sr., deceased, being the only child of Charles E. Christian, deceased, son of W. J. Christian, Sr., deceased. Emma Lois Christian and Eunice M. Wynne are the daughters of W. J. Christian, Sr., deceased, and J. C. Wynne is the husband of Eunice M. Wynne; that Ruth Manning Alexander, Thomas Christian, William Christian, and Sheffield Christian are grandchildren, and Edith Woody a great-grandchild of W. J. Christian, Sr., deceased; that E. S. Alexander is the husband of Ruth Manning Alexander.

"3. That under Item 5 of the last will of W. J. Christian, Sr., deceased, all the rest and residue of his estate (after the making of certain devises in said will) was given in trust to the First National Trust Company of Durham to collect the rents from the real estate, dividends from the stocks and bonds, interest on the notes, and after paying the taxes, etc., the trustees were directed to pay 'the net income remaining, *once a month,*' equally to the four sons of W. J. Christian, Sr., to wit, Charles E., John A., Thomas B., and William J. Christian, Jr.

"That a 20-year period was named for the duration of the trust estate, subject to certain provisions, however, which might terminate the trust sooner. That the will provided that if any of the four sons should die within that period, his child or children should receive his father's share of said net income, and if no child or children, then the grandchild or grandchildren of that son who died. And if any of the sons should die during the trust period without leaving a child, or lawful issue of such child or children, the part of such deceased son should be divided equally, share and share alike, among his brothers and sisters, and to the children of such of them as may be dead, the share that should go to the daughters of W. J. Christian, Sr., to be in fee.

"4. That upon the death (1920) of W. J. Christian, Sr., he left as the 'rest and residue of his estate,' real estate whose value was inventoried at $105,900.00; cash amount to $5,695.90; stock inventoried at $42,365.00, and Liberty Bonds amounting to $8,749.00'—or a total inventoried at $162,709.90. That after the debts, inheritance taxes and costs of administration of the estate were paid, as directed by the will, there remained as the net balance of the 'residue' of the estate, to make up the trust fund, the sum inventoried to be $154,951.85.

"5. That the First National Trust Company acted as trustee from the date of its appointment until 29 June, 1926; that from 29 June, 1926, until 17 January, 1932, the First National Bank of Durham acted as trustee; and since ..... August, 1932, the Fidelity Bank of Durham has been the trustee.

"6. That from May, 1920, when the First National Trust Company qualified as trustee, until 17 January, 1932, when the First National Bank of Durham relinquished its trusteeship, the estate had suffered a loss of 25 per cent of the estate, as many speculative stocks and bonds purchased by the trustees out of proceeds of the estate proved worthless, and other doubtful stocks owned by the testator were never sold and the funds reinvested.

"7. That the gross income of the estate from 1 May, 1920, to 1 May, 1921, the year after the death of W. J. Christian, Sr., deceased, amounted to $11,429.45, and remained approximately that amount yearly through January, 1932.

"That during the period of approximately a year and a half, to wit, from 17 January, 1932, to 23 June, 1933, the gross income of the estate amounted to only $4,572.59.

"8. That in the year 1921 the beneficiaries received from the trust estate $6,622.28, and yearly thereafter through 1930 they received approximately that much.

"That in the year from June, 1932, to June, 1933, the beneficiaries of the trust estate received only $600.00, or less than 1/10 of the amount received in 1921.

"9. That W. J. Christian, Jr., died in September, 1921, without leaving lineal heirs, and that, according to the terms of Item 5 of the will, his one-fourth interest in the trust estate was divided equally between his three brothers, Charles E., John A., and Thomas B. Christian, and his two sisters, Eunice M. Wynne and Emma Lois Christian.

"10. That Charles E. Christian died on 15 December, 1929, and left surviving as his only heir a daughter, Edith Christian Woody. That under the terms of Item 5 of the will of W. J. Christian, Sr., deceased, the said Edith Christian Woody succeeded to the rights of her deceased father in the trust estate, and became possessed of a 6/20th interest therein.

"11. That T. B. Christian, son of the deceased testator, received approximately $125 to $150 *monthly* during the first ten years after the death of his father, which amount, with his own individual earnings, was sufficient for him to live in comfort. That during the past seventeen months, however, the said T. B. Christian has received only $180.00 in all, or an average of less than $11.00 monthly, and even that amount has not been paid monthly, but in two or three payments.

"That T. B. Christian, son of the deceased testator, is now 61 years old and is unemployed, and is unable to find work because of his age and the world-wide depression. That the National Government has recently taken away his pension, leaving him practically helpless. That the said T. B. Christian is totally unable to support himself and his family.

"12. That J. A. Christian, petitioner, and son of the testator, W. J. Christian, Sr., deceased, is now 64 years of age, and is also sadly embarrassed by lack of income. That for the first ten years after his father's death he received approximately $125.00 to $150.00 monthly, which amount, with his own individual earnings, was sufficient for him to live in comfort. That for the past seventeen months he received in all only $180.00, or an average of less than $11.00 monthly, and that amount was not paid monthly, but in two or three payments.

"13. That the plaintiff Edith Christian Woody, daughter and only heir of Charles E. Christian, deceased, one of the four sons of W. J. Christian, Sr., deceased, named in Item 5 of his will as a beneficiary, has no income whatever other than from her own labor. That she had a temporary job in a shop in Richmond, Virginia, at $7.00 a week, out of which she has to support her mother and her baby daughter.

"14. That there is owing to the estate on notes secured by real estate mortgages $18,904.05, and interest, which amount has been loaned out by the various trustees, and which notes are already past due.

"15. That the present trustee purchased, in August, 1933, for the estate over $5,000.00 worth of North Carolina bonds 'for reinvestment of principal money paid in. That the trustee has recently made extensive repairs in certain real estate belonging to the estate, involving an expenditure of $1,200.00 for the purpose of putting it in condition to produce rental income; that this money was borrowed from the bank and is being repaid. The report of the trustee is hereto attached and made a part of these findings. The transactions of the trustee with respect to the estate are found to be as set forth in defendant's answer and account and affidavit.

"16. That the property constituting the trust estate now in the hands of the trustee consists of the following:

Real estate, as shown by the report of C. H. Dixon, receiver,
   of the First National Bank, trustee, dated 17 January,
   1932, estimated to be worth........................................ $ 98,250.00
Investments on hand, as shown by the annual report of the
   Fidelity Bank, trustee, made on 28 July, 1933, as follows:
  · Bonds—whose estimated value is................. 15,200.00
    Notes—whose value is................................ 18,904.05

Investments on hand—stocks:

   10　shares　Austin-Heaton Co., pfd.—value unknown.
   80　shares　Durham Hosiery Mills—value unknown.
   32　shares　First National Bank, Durham—worthless.
   35　shares　Holt Granite Puritan Mills—worthless (?).
 160　shares　John O'Daniel Hos'y Mills—worthless.
   50　shares　New Hope Realty Co., pfd.—worthless.
   50　shares　New Hope Realty Co., com.—worthless.

Estimated value estate—total ... .. ..... . .......... . ...... ..$132,354.05

"Upon the foregoing findings of fact, the court concludes as a matter of law:

"First. That the court has no authority as a matter of law to make an order directing the trustee to make payments out of the principal for the temporary support of the beneficiaries.

"Second. The court finds that it does not have authority as a matter of law to direct the trustee to pay for the repairs to the property out of the principal of the estate, and thereby relieve the income from that charge to the end that the said income may be distributed among the beneficiaries.

"Third. The court finds as a matter of law that the interest of the petitioner, Edith Christian Woody, is a contingent interest in the estate, and if she is not living at the end of the twenty-year period, it would then go to her children, if any she had, and if no children or grandchildren, then to be distributed among the children of the deceased testator, W. J. Christian, Sr."

The plaintiffs, petitioners, except and assign error to the foregoing conclusions of law, and appeal to the Supreme Court. The necessary provision of the will of W. J. Christian, Sr., will be set forth in the opinion.

*R. O. Everett and H. McD. Robinson for plaintiffs.*
*No counsel for defendants.*

CLARKSON, J. The questions involved: (1) Did the court have authority as a matter of law under the findings of fact in the case to direct the trustee: (a) To make payments out of the principal of the estate for the temporary support of the beneficiaries? We think not under the facts and circumstances of this case. (b) To pay for *extensive* repairs to certain of the property out of the income remaining? We think not under the facts and circumstances of this case. (2) Does the petitioner, Edith Christian Woody, have a contingent interest in

the estate? We think under the will she has her father's share in the "net income remaining" and a contingent interest.

Item 5 of the will of W. J. Christian, Sr., in part, is as follows: "All the rest and residue of my estate, both real, personal and mixed, wherever and howsoever situate, I give, devise and bequeath to the First National Trust Company, Durham, N. C. To have and to hold the same to it and its successors upon the following uses, purposes and trusts, that is to say: (1) To collect the rents from my real estate, the dividends from my stocks and bonds and the interest on my notes and bonds, and *after paying the taxes, insurance, repairs, municipal assessments, and all necessary expenses, said trustee will pay the net income remaining, once a month, equally to my four sons,* Charles E. Christian, John A. Christian, Thomas R. Christian and William J. Christian, Jr., share and share alike for and during the term hereinafter specified. (2) If either of my sons shall die before the expiration of twenty (20 years) after my death, leaving a child or children, then such child or children shall receive their father's share of said net income; and if at the time of such son's death any of his children be dead leaving children, such children will receive the portion of net income which their parent would have received if alive at my son's death."

In *Carter v. Young,* 193 N. C., 678 (681-2), it is written: "Courts exercising equitable jurisdiction have been slow to interfere with a trustee who holds property in trust for another, and who is vested with discretion as to the manner in which his duties with respect to such property shall be performed. When it appears that a trustee has exercised, or proposes to exercise, such discretion in good faith, and with an honest purpose to effectuate the trust, the courts will not undertake to supervise or control his actions. They will not undertake to set aside or override his judgment in matters clearly committed to his discretion, and to substitute therefor the judgment of others, or their own judgment, upon the sole allegation that the action of the trustee is not wise or just. See *Troutt v. Pratt* (Va.), 56 S. E., 165, 8 L. R. A. (N. S.), 398, and case-notes. The courts, however, have not hesitated to assume jurisdiction and to grant relief to a *cestui que trust,* when it appears that the trustee has acted in bad faith, or with a fraudulent purpose, to the injury of the *cestui que trust.* See *Collister v. Fassett* (Ct. of App. N. Y.), 57 N. E., 490."

It is contended by plaintiffs, appellants, that from examining the will that the intent and primary purpose of the testator in providing the trust estate was to see that his four sons were comfortably provided for during their lives. This contention is true, but the clear language of the will of the testator limits and shackles the trustee.

Under the language of the will, we think the court below had no authority to make payments out of the principal of the estate for the

temporary support of the beneficiaries. But part of finding of fact 15 is as follows: "That the trustee has recently made *extensive repairs* in certain real estate belonging to the estate, involving an expenditure of $1,200.00, for the purpose of putting it in condition to produce rental income; that this money was borrowed from the bank and is being repaid."

In *Carter v. Young, supra,* at p. 683, it is said: "No higher obligation rests upon the courts of this State than that which requires them to effectuate the purpose and intent of a testator, clearly expressed in his last will and testament, with respect to the maintenance and support of a dependent child, who was during the lifetime of the testator the object of his affection and solicitude. The courts have ample power to discharge this obligation."

To be sure, the will gives the trustee authority to make *repairs,* before paying the "net income remaining." The finding of fact is that the trustee made *extensive repairs.* We do not question the good faith of the trustee, but think that if it was necessary to make *extensive repairs* that under the facts and circumstances of this case the *corpus* could be used for this purpose and the "net income remaining" would include the rents paid out for extensive repairs, and should be divided as set forth in Item 5, *supra,* of the will.

In *Middleton v. Rigsbee,* 179 N. C., 437 (440), we find: "As appertaining to the facts of this record, the decided cases on the subject hold that courts in the exercise of general equitable jurisdiction may decree a sale of property for reinvestment, where it is shown that such a course is required for the preservation of the estate and the protection of its owners. And the position may in proper instances be extended to a sale of a portion of the property for the protection and preservation of the remainder. The principle adverted to has been not infrequently applied in the proper administration of charitable and other trusts, and the exercise of the power has been justified and upheld, notwithstanding limitations in the lease or deed creating the estate which apparently imposed restrictions on the powers of the trustees in this respect when it is properly established that a sale is required by the necessities of the case, and the successful carrying out of the dominant purposes of the trust. *Trust Co. v. Nicholson,* 162 N. C., 257; *Grace Church v. Ange,* 161 N. C., 315; *Jones v. Haversham,* 107 U. S., 175; *Stanly v. Colt,* 72 U. S., 119-169; *Weld v. Weld,* 23 Rd. Island, 311."

In *Shannonhouse v. Wolfe,* 191 N. C., 769 (773), it is said: "Sales may be made: . . . (4) If the power of sale is prohibited in the trust instrument, but, if at the same time a sale of the trust property is indispensable to the preservation of the interests of the parties in the subject-matter of the trust. 'We think it is well settled that a court of

equity, if it has jurisdiction in a given cause, cannot be deemed lacking in power to order the sale of real estate which is the subject of a trust, on the grounds, alone, that the limitations of the instrument creating the trust expressly deny the power of alienation. It is true, the exercise of that power can only be justified by some exigency which makes the action of the court, in a sense, indispensable to the preservation of the interests of the parties in the subject-matter of the trust, or, possibly, in case of some other necessity of the most urgent character.' *Trust Co. v. Nicholson,* 162 N. C., 257; *St. James v. Bagley,* 138 N. C., 384; *Church v. Bragaw,* 144 N. C., 126; *Church v. Ange,* 161 N. C., 314; *College v. Riddle,* 165 N. C., 211; *Middleton v. Rigsbee,* 179 N. C., 440." *Stepp v. Stepp,* 200 N. C., 237.

The appellants contend that the court erred in holding that the petitioner, Edith Christian Woody, had only a contingent interest in the estate. Section 2 of Item 5 of the will reads: "If either of my said sons shall die before the expiration of twenty years after my death, leaving a child or children, then such child or children shall receive their father's share of said net income," etc. Construing the entire Item 5 of the will, we think the language "Receive their father's share of said *net income*" means that Edith Christian Woody would step in the shoes of her deceased father, and receive his share of the "net income remaining." The authorities cited by appellants do not apply to the facts in this case. We think the meaning of the language is clear.

The able briefs of the appellants have been helpful. For the reasons given, the judgment in the court below is

Modified and affirmed.

BROGDEN, J., not sitting.