MARIE M. MEARES v. MRS. MARY E. WILLIAMSON ET AL.

(Filed 26 February, 1936.)

1. **Wills E f—Will held to authorize executor to pay for special medical attention necessary for testator's wife.**

   The will in question directed the executor to pay testator's wife rentals and interest on choses in action belonging to the estate, but if said income was less than a stipulated amount, that the *corpus* of the estate be used to the extent necessary to pay her the minimum stipulated amount, and further provided that in the event the wife should need special medical attention or nurses, the executor should see that she be given every care and attention, and pay any necessary expenses therefor in excess of the amount stipulated. Testator's wife contracted a chronic physical disease and suffered mental illness, necessitating special medical care and nursing, and the executor employed a trained nurse for her care. Executor refused to pay the nurse the amount her services were reasonably worth, contending that as the income from the estate was insufficient, the expenditures for the benefit of the wife were limited to the amount stipulated in the will, and that he could not bind the estate for matters arising wholly after testator's death. The trial court found, upon supporting

evidence, that the special medical attention and nursing were necessary to the wife in her afflicted condition, and that the amount claimed by the nurse was the reasonable value of her services. *Held:* Under a proper construction of the will, the executor was authorized to incur liability for such special, necessary medical attention, and judgment that the estate was liable for the reasonable worth of the nurse's service is upheld.

**2. Executors and Administrators C c—**

The principle that an executor cannot bind the estate on matters arising wholly after the death of testator does not apply when the will expressly authorizes the executor to incur such liability.

**3. Executors and Administrators D h—**

An action to recover for personal services rendered testator's wife, involving a construction of the will and an accounting, is properly brought in the Superior Court. C. S., 135.

**4. Appeal and Error J c—**

Findings of fact by the trial court are conclusive on appeal when supported by any competent evidence.

APPEAL by C. E. Taylor, executor of Emory D. Williamson, from *Frizzelle, J.,* at February Term, 1935, of COLUMBUS. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard and being heard at the February Term of Court, before J. Paul Frizzelle, and the plaintiff and defendant having waived a jury trial and agreed that the cause may be heard by the court without the intervention of the jury, and after hearing the evidence, the court makes the following findings of facts and enters judgment accordingly:

"1. The plaintiff Marie M. Meares is a registered nurse, residing in Lumberton, North Carolina. That Emory D. Williamson died domiciled in Columbus County, leaving a last will and testament, which was duly admitted to probate and registered in the office of the clerk of the Superior Court of Columbus County, copy of which will is hereby attached, marked Exhibit 'A,' and made a part of this judgment. That thereafter C. E. Taylor qualified as executor under the last will and testament and entered upon the duties of his trust, and is now exercising said duties.

"2. That heretofore, to wit, 19 December, 1931, Mrs. Mary E. Williamson became critically ill, and at that time plaintiff Marie M. Meares was employed as nurse for Mrs. Mary E. Williamson, who, by reason of a protracted illness, became an invalid from the date of said employment, 19 December, 1931, until the present time, being both physically and mentally incapacitated, now being committed to Westbrook Sanitarium, Richmond, Virginia, which is an institution for mental diseases.

15—209

"3. That by reason of the physical and mental condition of the said Mrs. Mary E. Williamson, it was necessary that she should have special care and attention, including the attention of a trained nurse, the said Mrs. Mary E. Williamson having no children, and her husband being dead, nor having any immediate relatives to care for her.

"4. After her employment the said Marie M. Meares, registered nurse, continued to nurse and care for the said Mrs. Mary E. Williamson continuously from 19 December, 1931, to 2 August, 1932, both at Baker Sanatorium, Lumberton, N. C., and at her home in Cerro Gordo, N. C. That during this period of time said Marie M. Meares was paid the sum of $150.00 per month, save and except the last month in said period by special agreement she accepted $75.00 for this one month. The court finds that the said Marie M. Meares rendered faithful and efficient service during this period of time mentioned, and that such services were necessary for the care and protection of the said Mrs. Mary E. Williamson, who was both physically and mentally unable to care for herself. That the said Marie M. Meares was on duty for 18 hours each day, and said services were well worth the sum paid by the executor.

"5. On 2 August, 1932, plaintiff having been on duty for many months, was directed by her physician, Dr. H. M. Baker, to take a month's vacation, and during this time Mrs. Mary E. Williamson was returned from her home at Cerro Gordo, N. C., to Baker Sanatorium, Lumberton, N. C. That on 2 September, 1932, plaintiff Marie M. Meares returned to her duty as nurse for Mrs. Mary E. Williamson, going with her to her home in Cerro Gordo, N. C., and remaining with her on constant duty 18 hours each day, from 2 September, 1932, to 15 February, 1933. That during said period of time Mrs. Mary E. Williamson was physically and mentally unable to care for herself, being an invalid from a protracted illness, and the court finds as a fact, by reason of her condition, it was necessary for her to have special medical attention and nursing.

"6. The said Marie M. Meares had made demand upon the executor, C. E. Taylor, for payment of her services from 2 September, 1932, to 15 February, 1933, at the rate of $150.00 per month, and the said executor has refused to make payment. He admits the services were performed, but contends that he is without power under the will to make any payment to the plaintiff Marie M. Meares, contending that he cannot expend more than $125.00 each month, while Mrs. Williamson remained at her home, and that he has paid said amount to Mrs. Mary E. Williamson each month during said period of time from 2 September, 1932, to 15 February, 1935.

"7. Shortly after Mrs. Mary E. Williamson entered Baker Sanatorium for treatment, on or about the first of January, 1932, the defendant executor, C. E. Taylor, came to the hospital and advised Dr. H. M.

Baker, the physician in charge, to do everything necessary for the comfort and care of Mrs. Mary E. Williamson, and to secure all necessary services for her, and that upon this authorization Dr. Baker continued the nurse, Marie M. Meares, in the services of Mrs. Williamson, and the court finds as a fact from the testimony of Dr. H. M. Baker that such services were necessary and proper for the care and protection of Mrs. Williamson. That shortly after Marie M. Meares was so employed, defendant executor, C. E. Taylor, advised Mrs. Williamson, in the presence of Marie M. Meares, to keep this nurse as long as she needed her, and after then the said defendant executor, C. E. Taylor, continued to pay this nurse for her services from 19 December, 1931, to 2 August, 1932. That the services of the plaintiff were reasonably worth the sum of $150.00 per month, and she made demand upon the defendant executor to pay this amount, and he has refused to do so, stating that he had no authority to make any payment to her for services during this period, having already paid to Mrs. Mary E. Williamson $125.00 per month for said period of time. The court finds as a fact that during this period of time from 2 September, 1932, to 15 February, 1933, the sum of $125.00 per month was not sufficient to pay her necessary expenses and to furnish her necessary medical attention and nursing. The court finds as a fact that during said period of time Mrs. Mary E. Williamson was an invalid from a protracted illness and needed special medical attention and nursing, and that such special medical attention and nursing constituted necessary expenses in excess of the monthly or annual amount belonging to Mrs. Williamson under her husband's will, and her condition required the expenditure of additional money by the executor, as provided for under item six (6) of the last will and testament, which reads as follows: 'It is my will and desire that my executors hereinafter named shall, after paying the cost of administration, and the annual taxes on my estate, out of the real estate rentals and interest on any money due my estate, pay any balance or residue of said rentals and interest on money to my beloved wife in equal monthly installments, as far as practicable, and in the event that the residue of said rentals and interest on money does not amount to one hundred and twenty-five ($125.00) dollars per month, or $1,500.00 per year, then my will and desire is that my beloved wife be paid by my executors, hereinafter named, a sum sufficient to make one hundred and twenty-five ($125.00) dollars per month out of any money in their hands belonging to my estate; and it is my will and desire further that in the event that my beloved wife should need special medical attention or nurses, my executors, hereinafter named, shall see that she has every care and attention, that my executors, hereinafter named, pay any necessary expenses incurred in this way, if it be in excess of the monthly or annual amount above mentioned bequeathed to my beloved wife.'

"8. The court finds as a fact from the evidence introduced that the estate of Emory D. Williamson, now being administered by the defendant executor, C. E. Taylor, has considerable value at this time, not less than $17,000, and the court further finds that Mrs. Williamson is now in bad health and a woman of considerable age.

"The executor having refused to pay the amount due said plaintiff for her services, her only recourse was to bring suit in the Superior Court of Columbus County, which having assumed jurisdiction of the case, it being necessary to construe the will of Emory D. Williamson, this court now has jurisdiction to pass upon the claim of the said plaintiff, as to whether or not she is entitled to recover judgment against the executor, C. E. Taylor, for her services.

"The court finds as a fact that the executor authorized Dr. H. M. Baker to employ such nurses as he deemed necessary to care for Mrs. Mary E. Williamson, and following this authorization, Dr. Baker employed Marie M. Meares as nurse for Mrs. Williamson, and at all times after such authority was given, while Marie M. Meares was acting as such nurse, her services were needed and necessary, and she was directed by Dr. Baker to remain with the patient until she was finally discharged by him on 15 February, 1933.

"Upon the foregoing facts, it is ordered, adjudged, and decreed that the plaintiff Marie M. Meares shall have judgment against the defendant C. E. Taylor, executor of Emory D. Williamson, in the sum of eight hundred fifteen and no/100 dollars ($815.00), with interest from 15 February, 1933, together with the costs of this action, to be taxed by the clerk of the court. J. Paul Frizzelle, Judge presiding."

To the foregoing judgment the defendant C. E. Taylor, executor, excepted and assigned error and appealed to the Supreme Court. The defendant C. E. Taylor, executor, made numerous exceptions and assignments of error. The material ones will be set forth in the opinion.

*E. J. and L. J. Britt and McLean & Stacy for plaintiff.*

*Varser, McIntyre & Henry for C. E. Taylor, executor of Emory D. Williamson.*

CLARKSON, J. The defendant C. E. Taylor, executor of Emory D. Williamson, makes the following exception and assignment of error: "For that the trial court overruled appellant's demurrer *ore tenus* to the complaint, for that the complaint did not state a cause of action in that it alleged only a transaction occurring after the death of E. D. Williamson and during the executor's time." We do not think, under the facts and circumstances of this case, the exception and assignment of error can be sustained.

In *Hailey v. Wheeler,* 49 N. C., 159 (161), it is said: "No authority is found to support the position that an action can be maintained against a defendant, as executor, for money had and received by him, after the death of the testator. It would do violence to all principle. It is the duty of an executor to pay off the *debts of his testator* in a prescribed order. It is not possible to conceive how a debt of the testator can be created by matter occurring wholly in the executor's time."

This principle is well stated by *Varser, J.,* in *Snipes v. Monds,* 190 N. C., 190. *Hood, Comr., v. Stewart, ante,* 424. We do not think the principle above set forth applicable to the facts in the present case. We think the present debt sued for is "wholly in the executor's time," under the language of the will.

Item 6 of the will of Emory D. Williamson (dated 17 July, 1914, and duly probated) is as follows: "It is my will and desire that my executors, hereinafter named, shall, after paying the cost of administration, and the annual taxes on my estate, out of the real estate rentals and interest on any money due my estate, pay any balance or residue of said rentals and interest on money to my beloved wife in equal monthly installments, as far as practicable, and in the event that the residue of said rentals and interest on money does not amount to one hundred and twenty-five ($125.00) dollars per month, or $1,500.00 per year, then my will and desire is that my beloved wife be paid by my executors, hereinafter named, a sum sufficient to make one hundred and twenty-five ($125.00) dollars per month out of any money in their hands belonging to my estate; *And it is my will and desire further that in the event that my beloved wife should become an invalid or have any protracted illness, and should need special medical attention or nurses, my executors, hereinafter named, shall see that she have every care and attention, that my executors, hereinafter named, pay any necessary expense incurred in this way, if it be in excess of the monthly or annual amount above mentioned bequeathed to my beloved wife."* (Italics ours.)

The court below found the following facts: "The court finds that the said Marie M. Meares rendered faithful and efficient service during the period of time mentioned, and that such services were necessary for the care and protection of the said Mrs. Mary E. Williamson, who was both physically and mentally unable to care for herself. That the said Marie M. Meares was on duty for 18 hours each day, and said services were well worth the sum paid by the executor. On 2 August, 1932, plaintiff having been on duty for many months, was directed by her physician, Dr. H. M. Baker, to take a month's vacation, and during this time Mrs. Mary E. Williamson was returned from her home at Cerro Gordo, N. C., to Baker Sanatorium, Lumberton, N. C. That on 2 September, 1932, plaintiff Marie M. Meares returned to her duty as nurse

for Mrs. Mary E. Williamson, going with her to her home in Cerro Gordo, N. C., and remaining with her on constant duty 18 hours each day, from 2 September, 1932, to 15 February, 1933. That during said period of time Mrs. Mary E. Williamson was physically and mentally unable to care for herself, being an invalid from a protracted illness, and the court finds as a fact, by reason of her condition, it was necessary for her to have special medical attention and nursing."

We think there was sufficient competent evidence to sustain the above findings of fact. We also think there was sufficient competent evidence to base the findings of fact, as follows: "The defendant executor, C. E. Taylor, came to the hospital and advised Dr. H. M. Baker, the physician in charge, to do everything necessary for the comfort and care of Mrs. Mary E. Williamson, and to secure all necessary services for her, and that upon this authorization Dr. Baker continued the nurse, Marie M. Meares, in the services of Mrs. Williamson, and the court finds as a fact from the testimony of Dr. H. M. Baker that such services were necessary and proper for the care and protection of Mrs. Williamson," etc.

There was corroborative evidence to like effect as to the employment of Miss Meares. C. E. Taylor, the executor, testified in part: "Q. And the last thing you said to Miss Meares was to take care of her? A. I think possibly when I said goodbye I asked her to take good care of Mrs. Williamson. I don't think I saw Miss Meares any more until December. Q. And you left Mrs. Williamson under the care of Dr. Baker as a physician and Miss Meares as a nurse? A. I recognized Miss Meares only as Dr. Baker's instrument. I didn't know whether she was there all the time, or whether they would change from time to time. I left it entirely up to Dr. Baker to keep a nurse with her or not. . . . I would be delighted to pay Miss Meares if the court authorizes it, and relieves me, but my construction of the will— . . . If I am wrong in the construction of the will, there is no other alternative but to pay; if the court says pay, it will be paid if we have to sell a house."

We think the action was properly brought in the Superior Court. N. C. Code, 1935 (Michie), sec. 135. S. v. McCanless, 193 N. C., 200.

The testator, Emory D. Williamson, and his wife had no children. No doubt, realizing that his wife was growing old and had no one to care for her, it seems he took unusual precaution, in clear language, to have his executor to charge his estate for her care if she broke down in health. He speaks of her as his beloved wife, and says, (1) should she become an invalid, (2) or have any protracted illness, (3) and should need special medical attention or *nurses*. Then he makes it mandatory on his executors that they "shall see that she have *every care* and

*attention."* His executors to "pay any necessary expense incurred in this way, if it be in *excess* of the monthly or the annual amount above mentioned bequeathed to *my beloved wife."*

What did the plaintiff do (undisputed): "I worked eighteen hours out of the twenty-four. I massaged her limb, which was swollen, and administered medicine, prepared her trays, and was with her constantly. I was the only white lady there at the time. I had to look after her and bathe her. I slept in the next room with my door open. Her physical and mental condition during the particular period for which I received no pay was very bad. She could not walk around. She would get up sometimes and should not have. She could not walk unless I helped her, and we had to keep her on a special diet. Her kidney condition was bad, and she would contract cold very easily, and she could not sleep and her mental condition was very bad. . . . In the middle of the night she would try to get out and she would stay awake all night. She would walk around if she could and sit there and talk all night. During that time I imagine I stayed up all night about a half-dozen times. I always stayed up until about one o'clock. I would go on duty the next day from seven to eight, whenever she woke up. I prepared her tray and took it in the room. I looked after sending out the laundry and buying groceries and things of that kind. During that time I took her to Lumberton once a month to the hospital for examination, when she was able to go. At this time Mrs. Williamson is in Westbrook's Sanitarium. I think that is a hospital for mental diseases. She has been there since before last Christmas."

Dr. H. M. Baker, in charge of Baker Sanatorium at Lumberton, N. C., corroborated plaintiff, and testified that Mrs. Williamson "has chronic nephitis—Bright's disease."

We think the legal question as to liability is set at rest in *Carter v. Young,* 193 N. C., 678 (683), where it is said: "No higher obligation rests upon the courts of this State than that which requires them to effectuate the purpose and intent of a testator, clearly expressed in his last will and testament, with respect to the maintenance and support of a dependent child, who was during the lifetime of the testator the object of his affection and solicitude. The courts have ample power to discharge this obligation." See *Woody v. Christian,* 205 N. C., 610. How much more is this duty imposed, in a proper case, as the present one, in reference to an aged and invalid woman—"One whom the finger of God had touched."

It is well settled in this jurisdiction that if there is any sufficient competent evidence to support the findings of fact by the court below they are binding on us. We think there was competent evidence to support

the findings of fact. We think the trial court made no error in the admission of testimony complained of. From a careful examination of the record, the numerous exceptions and assignments of error made by C. E. Taylor, executor, cannot be sustained. We find on the record no reversible or prejudicial error.

For the reasons given, the judgment is

Affirmed.